U.S. Bank N.A. v Nelson

2026 NY Slip Op 03200

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank National Association, etc., respondent,

v

Kenyatta Nelson, et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2022-04465, (Index No. 23423/09)

Colleen D. Duffy, J.P.

Paul Wooten

Phillip Hom

Elena Goldberg Velazquez, JJ.

Gallet Dreyer & Berkey, LLP, New York, NY (Keith L. Abramson, David Azrin, and Jason Mohabir of counsel), for appellants.

Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor and Beth Gazes of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendants Kenyatta Nelson and Safiya Nelson appeal from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated May 12, 2022. The order denied the motion of the defendants Kenyatta Nelson and Safiya Nelson, inter alia, pursuant to CPLR 3025(b) and RPAPL 1302-a for leave to amend their separate answers to add a defense of lack of standing, to vacate an order of the same court (Noach Dear, J.) entered March 26, 2015, among other things, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and to vacate a judgment of foreclosure and sale of the same court (Noach Dear, J.) entered January 11, 2016.

ORDERED that the order dated May 12, 2022, is affirmed, with costs.

In September 2009, the plaintiff commenced this action against, among others, the defendants Kenyatta Nelson and Safiya Nelson (hereinafter together the defendants) to foreclose a mortgage on certain real property located in Brooklyn owned by the defendants. The defendants served separate answers that were identical in content. Although the defendants each pleaded certain affirmative defenses, the defense of lack of standing was not pleaded in the answers.

In an order entered March 26, 2015, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In August 2015, the plaintiff moved for a judgment of foreclosure and sale. In October 2015, the defendants cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted them against based upon, among other things, the plaintiff's alleged lack of standing.

In an order dated December 15, 2015, the Supreme Court granted the plaintiff's motion for a judgment of foreclosure and sale and denied the defendants' cross-motion to dismiss the complaint insofar as asserted against them, finding that the defense of lack of standing had been waived. On January 11, 2016, a judgment of foreclosure and sale was entered.

The defendants appealed from the order dated December 15, 2015. In an opinion and order dated January 23, 2019, this Court affirmed the order dated December 15, 2015 (see US Bank N.A. v Nelson, 169 AD3d 110).

On December 17, 2020, the Court of Appeals affirmed this Court's opinion and order (see US Bank N.A. v Nelson, 36 NY3d 998). In so doing, the Court of Appeals declined to reach the question of whether RPAPL 1302-a, which was enacted during the pendency of the appeal to the Court of Appeals, "afford[ed] [the] defendants an opportunity to raise standing" on that appeal (see US Bank N.A. v Nelson, 36 NY3d at 999-1000). The Court of Appeals noted that the defendants were "free to apply to the trial court for any relief that may be available to them under that statute" appeal (see id. at 1000).

In February 2021, the defendants moved in the Supreme Court, inter alia, pursuant to CPLR 3025(b) and RPAPL 1302-a for leave to amend their separate answers to add a defense of lack of standing, to vacate the order entered March 26, 2015, among other things, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and to vacate the judgment of foreclosure and sale entered January 11, 2016. The plaintiff opposed. In an order dated May 12, 2022, the Supreme Court denied the defendants' motion on the ground, inter alia, that RPAPL 1302-a does not allow the defense of lack of standing to be raised after the issuance of a judgment of foreclosure and sale. The defendants appeal.

"Pursuant to RPAPL 1302-a, which became effective in December 2019, notwithstanding the provisions of CPLR 3211(e), any objection or defense based on the plaintiff's lack of standing in a foreclosure proceeding related to a home loan . . . shall not be waived if a defendant fails to raise the objection or defense in a responsive pleading or pre-answer motion to dismiss" (Citibank, N.A. v Boyce, 226 AD3d 867, 868 [internal quotation marks omitted]; see U.S. Bank N.A. v Tenenbaum, 228 AD3d 696, 699). However, a "judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913; see Sheodial v U.S. Bank N.A., 218 AD3d 511, 512). Here, the defendants' motion pursuant to CPLR 3025(b) and RPAPL 1302-a for leave to amend their separate answers to add the defense of lack of standing was made approximately five years after the entry of the judgment of foreclosure and sale. Accordingly, the Supreme Court, upon determining that RPAPL 1302-a did not provide an independent basis to vacate a judgment of foreclosure and sale, properly denied the defendants' motion.

In light of this determination, we need not reach the parties' remaining contentions.

DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court